## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTINA L. YOUNG,
       Appellant,

    v.

DEPARTMENT OF DEFENSE,
       Agency.

DOCKET NUMBER
AT-315H-24-0006-I-1

DATE: February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Monica Evette Eddy and Raymond Mitchell, Columbia, South Carolina, for
  the appellant.

John Schettler Chamblee, Esquire, Peachtree City, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
dismissed her termination appeal for lack of jurisdiction. Generally, we grant
petitions such as this one only in the following circumstances: the initial decision
contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant was not an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A), we AFFIRM the initial decision.

The administrative judge properly determined that the Board lacks jurisdiction over the appellant's probationary termination pursuant to 5 C.F.R. § 315.806(b), and she did not exhaust administrative remedies with the Office of Special Counsel (OSC) regarding her whistleblower reprisal claim.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, if an appellant makes a nonfrivolous allegation that the Board has jurisdiction over her appeal, she is entitled to a hearing on the jurisdictional question. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 5 (2010).

The administrative judge found that the agency terminated the appellant for post-appointment reasons, and he implicitly found that she did not allege that her termination was based on partisan political reasons or marital status discrimination. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 1-4. He also found that the appellant failed to exhaust her administrative remedies with OSC regarding her whistleblower reprisal claim. ID at 3-4. The appellant

does not challenge these findings on review. Petition for Review (PFR) File, Tabs 1, 3. We affirm the administrative judge's findings in this regard.[2]

<u>We modify the initial decision to find that the appellant has not nonfrivolously alleged that she was an "employee" with Board appeal rights to challenge the agency's action pursuant to 5 U.S.C. § 7511(a)(1)(A).</u>

In addition to the other legal bases to challenge her termination, discussed above, the appellant could have adverse action appeal rights under 5 U.S.C. chapter 75 if she was an "employee" pursuant to 5 U.S.C. § 7511(a)(1). *See Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8. Because the appellant was appointed to a competitive service position, she was entitled to notice of her jurisdictional burden under 5 U.S.C. § 7511(a)(1)(A). In the acknowledgment order, the administrative judge only provided notice on establishing Board jurisdiction under 5 U.S.C. § 7511(a)(1)(B) and (C). IAF, Tab 2 at 2-5. This was problematic because an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). However, an

---

[2] In her petition for review supplement, the appellant attaches several documents that she did not submit before the administrative judge, including, among other things, emails between her and agency personnel, memoranda about various school policies, and photographs. PFR File, Tab 3 at 8-84. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Even if she did make such a showing, the information is not material to the issue of jurisdiction and does not warrant a different outcome from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Importantly, the appellant's evidence and argument on review largely relate to the merits of the termination decision and her claims of harmful procedural error and/or due process violations. However, because the Board lacks jurisdiction over the appeal, it also lacks jurisdiction to hear these additional claims. *See, e.g., Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 16 (2011) (finding that, because the Board lacks jurisdiction over the appeal, it also lacks jurisdiction to hear the appellant's claim that the agency violated his due process rights and other affirmative defenses); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order, or if the initial decision puts the appellant on notice of what she must do to establish jurisdiction, thus affording her the opportunity to meet her jurisdictional burden in the petition for review. *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

In the initial decision, the administrative judge correctly identified the appellant's position as being in the competitive service, but he did not discuss the appropriate jurisdictional standard, and he did not make explicit findings on whether she was an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A) for purposes of chapter 75 Board jurisdiction. ID at 1-4. We find, however, that the agency's motion to dismiss cured the deficient notice because it provided notice of her jurisdictional burden pursuant to 5 U.S.C. § 7511(a)(1)(A)(i)-(ii) (2016). IAF, Tab 7 at 8-10. We may therefore decide this jurisdictional issue on the existing record.

At the time of the appellant's appointment in August 2022, an individual appointed to a permanent competitive-service position at the Department of Defense (DOD) was subject to a 2-year probationary period and only qualified as an "employee" if she was not serving a probationary or trial period under an initial appointment, or if she had completed 2 years of current continuous service under other than a temporary appointment limited to 1 year or less.[3] IAF, Tab 7 at 8-9; *see Bryant*, 2022 MSPB 1, ¶ 8 (discussing 5 U.S.C. § 7511(a)(1)(A)(i)-(ii) (2016) and 10 U.S.C. § 1599e (2016)). In December 2021, Congress repealed 10 U.S.C. § 1599e and the 2-year probationary period for such DOD appointments. *Bryant*, 2022 MSPB 1, ¶ 8. However, this repeal was made

---

[3] The appellant's appointment Standard Form 50 (SF-50) reflected that her appointment was subject to a 1-year probationary period. IAF, Tab 7 at 34-35. However, it is well-settled that "the SF-50 is not a legally operative document controlling on its face an employee's status and rights." *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984).

effective December 31, 2022, and it only applied to individuals appointed on or after that date. *Id.* Because the appellant was appointed on August 28, 2022, IAF, Tab 1 at 12, the repeal of 10 U.S.C. § 1599e (2016) does not affect the outcome of this appeal.

The appellant has not nonfrivolously alleged that she was an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A)(i) (2016), which refers to an individual in the competitive service "who is not serving a probationary or trial period under an initial appointment." *Bryant*, 2022 MSPB 1, ¶ 8. To the contrary, she was in her probationary period when she was terminated. We cannot tack the appellant's prior service at the Federal Emergency Management Agency (FEMA) to her probationary period because such service was in a different agency, the Department of Homeland Security.[4] IAF, Tab 1 at 17-18; *see Hurston*, 113 M.S.P.R. 34, ¶ 10; *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 16 (2005); 5 C.F.R. § 315.802(b).

Likewise, the appellant has not nonfrivolously alleged that she was an employee pursuant to 5 U.S.C. § 7511(a)(1)(A)(ii) (2016), which refers to an individual in the competitive service who completed 2 years of current continuous service. *Bryant*, 2022 MSPB 1, ¶ 8 (discussing 5 U.S.C. § 7511(a)(1)(A)(ii) (2016), and 10 U.S.C. § 1599e(a), (b)(1)(A), (d) (2016)). The appellant's service in the instant position was 4 days shy of 1 year. IAF, Tab 1 at 12-13, Tab 7 at 14-17. Even if we included, for the purposes of our analysis, the appellant's 10 months of service in her prior FEMA appointment, IAF, Tab 1 at 17-18, she did not satisfy the requirement of 2 years of current continuous service set forth in 5 U.S.C. § 7511(a)(1)(A)(ii) (2016) and 10 U.S.C. § 1599e (2016).

---

[4] The record reflects that the appellant was previously employed by the Social Security Administration for some time during 2019, and she was employed by the Department of Veterans Affairs from June 9, 2019, until she resigned on June 5, 2020. IAF, Tab 1 at 19-21. However, there is no evidence that the appellant was employed by the Federal Government between June 6, 2020, and October 24, 2021, when she was appointed to the FEMA position.

For these reasons, we conclude that the appellant has not nonfrivolously alleged that she was an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(A) (2016), and therefore, the Board lacks jurisdiction over the appeal on this basis. We modify the initial decision accordingly.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.